IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

PETER UWAEKE, WRICKEY JEAN    )
ROBERSON and TAMIKA OLIVER,   )
                              )
            Plaintiffs,       )
                              )
vs.                           )          Case No. 12-1415-CV-W-ODS
                              )
SWOPE COMMUNITY ENTERPRISES,  )
INC. and SWOPE HEALTH SERVICES, )
                              )
            Defendants.       )

ORDER AND OPINION GRANTING PLAINTIFFS' MOTION
TO CONDITIONALLY CERTIFY COLLECTIVE ACTION

        Pending is Plaintiffs' motion to conditionally certify a collective action pursuant to
29 U.S.C. § 216(b).  The motion (Doc. # 19) is granted.


I.  BACKGROUND


        Plaintiffs are current and former employees of one or both defendants who held
the job title of Community Support Worker ("CSW") or Community Support Specialist
("CSS").  The identity of their employer is in dispute, and this dispute is not presented in
the instant motion.

        Most – if not all – CSWs and CSSs worked within the Community Psychiatric
Rehabilitation Program ("CPRP").  All CSWs and CSSs had the same written job
description.  Indeed, it appears that state law required there be a written job description
for these individuals.  See 9 C.S.R. § 10-7.110(a)(A).  Generally speaking, these duties
involved providing services to clients to monitor their adjustment to community living.
Defendants concede that a single written job description exists for all CSW/CSS
employees, but the precise nature of those duties depends on a variety of details such
as whether the employee works with adults or children, works with individuals with drug-
related problems, or the like.  Plaintiffs contend they were often required to work more

than forty hours per week and that they were not paid overtime as required by the Fair Labor Standards Act.

## II.  DISCUSSION

29 U.S.C. § 216(b) provides that a plaintiff may bring suit under the FLSA "for and in behalf of himself . . . and other employees similarly situated."  However, an employee does not become a party to the suit "unless he gives his consent in writing to become such a party and such consent is filed in the court in which such action is brought."  To date, more than fifty individuals have filed notices indicating their consent to join in this action.  Plaintiffs' seek conditional certification of a collective action so they can send notices to all employees who might be eligible to opt in.  Specifically, they propose sending notice to

> all non-supervisory Community Support Specialists and Community Support Workers employed by Swope in the Community Psychiatric Rehabilitation Program within the past three years who were classified as exempt from the FLSA's overtime requirements and who worked more than 40 hours in a workweek.

The Eighth Circuit has not adopted a particular standard for evaluating such requests, but a majority of courts in this circuit have used the analysis adopted by the Fifth Circuit.  "Under this two step-process, the plaintiff first moves for class certification for notification purposes. . . . At this early stage of the litigation, the Court does not reach the merits of the plaintiff's claims.  Once the Court conditionally certifies the class, potential class members are given notice and the opportunity to 'opt-in.'" Kautsch v. Premier Communications, 504 F. Supp. 2d 685, 688 (W.D. Mo. 2007).  "At the second step of the process, the defendant may move to decertify the class.  This is typically done after the close of discovery when the Court has much more information and is able to make a more informed decision."  Id.

Because the decision at this stage is made with limited information and is conditional in nature, a plaintiff's burden is not onerous.  There is no need to show that the would-be members are identical.  It is sufficient if the plaintiff presents *some*

Case 4:12-cv-01415-ODS   Document 27   Filed 07/10/13   Page 2 of 5

evidence demonstrating the class members are similar in important respects, most notably by demonstrating they are subjected to similar policies or circumstances.  E.g., Robertson v. LTS Mgt. Servs. LLC, 642 F. Supp. 2d 922, 926 (W.D. Mo. 2008); Huang v. Gateway Hotel Holdings, 248 F.R.D. 225, 227 (E.D. Mo. 2008); Kautsch, 504 F. Supp. 2d at 689; Young v. Cerner Corp., 503 F. Supp. 2d 1226, 1229 (W.D. Mo. 2007).

The Court concludes Plaintiffs have met the burden imposed on them at this stage of the proceedings.  The class members have the same job titles, are governed by the same written job description, and were treated the same in terms of whether (or not) they received overtime compensation.  Their job duties are similar in nature as well. Defendants have endeavored to identify differences in the particulars of each employee's duties and responsibilities, but these differences are insufficient to prevent Plaintiffs from meeting the minimal burden imposed at this juncture.  Even if the Court were to reach the merits – which it is not supposed to do at this early stage – Defendants have not suggested how these slight variations have any legal significance.

Defendants' attempted comparison of this case to Young is unpersuasive.  In Young, the plaintiff sought to conditionally certify opt-in classes based on pay grades, not job duties.  In rejecting certification, the court noted that "other than being paid at the same compensation levels, Plaintiffs have not alleged a single common policy or practice governing all these employees.  Their job responsibilities are so varied that it is hard to conceive of a single policy that could govern them all."  Young, 503 F. Supp. 2d at 1231.  In the present case, the duties of CSW/CSS workers appear sufficiently similar to permit conditional certification.

The Court generally approves of Plaintiffs' proposed Notifie, although it must first be amended.  In their Reply Suggestions Plaintiffs indicate they are reformulating the class definition, and the notice needs to be amended in numerous places to reflect this change.  This change also renders most of Defendants' objections moot.

Defendants object to the inclusion of Swope Community Enterprises ("SCE") as a defendant/employer because SCE denies being any plaintiff's employer.  The Court does not know who the employer is, and SCE is certainly a defendant at this juncture. Unless and until the Court concludes SCE should be dismissed, SCE shall be treated

as if it is a defendant.  Plaintiffs are asserting claims against SCE, and so long as they are seeking relief from SCE there is no impropriety in including SCE in the Notice.

Defendants correctly contend the description of the "Claims in the Lawsuit," specifically Item 4, is confusing.  This item states Defendants violated the FLSA "in two different ways" then identifies the "first" way, but does not include a second.  Either there is only one way, there needs to be a second way added, or the "first" way needs to be divided into a "first" and "second."

Defendant contends the starting date for the class period is incorrect, and the Court agrees in part.  The statute of limitations for an FLSA claim is two years unless the employer acted willfully, in which case the limitation period is three years.  The Notice indicates the class period starts in May 2010, which Defendant correctly points out has no correspondence to the date this suit was filed in December 2012.  While Plaintiffs have not explained their thought process on this issue, the Court believes it can be discerned.  The Notice is intended for employees who have not already filed their Consent to Join.  For those people, the statute of limitations was not tolled by the filing of the suit and will be tolled (if at all) only after they file their Consent to Join.   The Notice states the class begins May 2010 because Plaintiffs initially filed their motion in May 2013 – so the earliest valid claim asserted by an employee responding to the Notice (assuming the three year limitation period applies) would be from May 2010.  Of course, the Notice will not be disseminated until sometime in July or August 2013, so the month will have to be changed.

In a related argument, Defendants contend the limitation period should be two years because Plaintiffs' have not proved Defendants acted willfully.  Plaintiffs have not proved anything – indeed, this is why their burden is so low at this juncture.  Plaintiffs refer to Department of Labor Opinion Letters from and before 2007 to substantiate their legal claim, and it may be that an employer who acts contrary to four separate opinion letters could be deemed to have acted "willfully."  The Court need not decide this issue. It is sufficient to note that the statute of limitations could be three years, and prudence dictates that the Notice be directed to the largest permissible class.

In a final group of arguments, Defendants object to the Notice's characterization of their position.  The Notice merely indicates that "Swope denies that it has improperly

4

paid any current or former" employees, and the Court cannot discern any error in this statement. Defendants also allude to other disagreements and express a willingness to discuss the matter with Plaintiffs. The problem is that the clock is ticking: the statute of limitations on an employee's claim is not tolled unless and until that employee files notice of his or her consent to join. Thus, while Defendants are discussing and negotiating these unidentified disagreements, employees' claims are diminishing.

Inasmuch as Plaintiffs must amend the Notice for the reasons discussed above, the Court sees no harm in allowing Defendants an opportunity to provide input. However, the Court intends for Plaintiffs to resubmit the proposed Notice within two weeks, and Defendants will have the same amount of time to provide input. They are free to make suggestions to Plaintiffs, and they are free to submit alternative proposals to the Court. Any disagreements will be resolved by the Court. To this end, the parties are directed that in addition to filing their proposals on or before July 25, 2013, they should e-mail their proposals in a word processing format so they can be edited by the Court.

With regard to dissemination of the Notice, Defendants shall have two weeks to provide Plaintiffs with a computer readable data file containing the name, last known address, dates of employment, phone number and e-mail addresses (both personal and work) for each current and former employee falling within the class definition. Defendant is also ordered to post a copy of the Notice in all break rooms until the opt-in period ends.

The opt-in period shall end ninety days after the Court issues its final approval of the Notice.

IT IS SO ORDERED.


/s/ Ortrie D. Smith
ORTRIE D. SMITH, SENIOR JUDGE
DATE: July 10, 2013                UNITED STATES DISTRICT COURT

5