IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| PETER UWAEKE, WRICKEY JEAN ROBERSON, and TAMIKA OLIVER on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>SWOPE HEALTH SERVICES, et al.,<br><br>Defendants. | Case No. 4:12cv-01415-ODS |

## ORDER GRANTING MOTION FOR APPROVAL OF SETTLEMENT

A. On January 28, 2014, the Named Plaintiffs Peter Uwaeke, Wrickey Jean Roberson and Tamika Oliver in the above-captioned action (the "Action"), individually and as Collective Class Representatives, and Defendants Swope Health Services and Swope Community Enterprises, by their respective counsel of record, executed and filed with this Court a Stipulation of Settlement Agreement and Release ("Settlement");

B. This Court has duly considered all of the submissions presented with respect to the Settlement;

C. All capitalized terms in this Approval Order that are not otherwise defined have the same meaning as in the Settlement;

NOW THEREFORE, after due deliberation, this Court hereby ORDERS that:

1. This Approval Order will be binding on the Collective Class Members and the Named Plaintiffs, as defined in the Settlement.

2. The Settlement is fair, reasonable and adequate, is in the best interests of the Collective Class Members and should be approved, especially in the light of the benefits to the Collective Class Members accruing therefrom, the substantial discovery and investigation

conducted by Collective Class Counsel prior to the proposed Settlement, and the complexity, expense, risks and probable protracted duration of further litigation.

3. For purposes of the Settlement, this Court certifies Peter Uwaeke, Wrickey Jean Roberson and Tamika Oliver as representatives of the Collective Class Members.

4. For purposes of the Settlement, this Court approves Ryan M. Paulus and Jordan R. Bergus of The Paulus Law Firm LLC as Collective Class Counsel.

5. The Notice attached as Exhibit C to the Settlement fully and accurately informs the Collective Class Members of all material elements of the Action and the Settlement.

6. The parties propose to disseminate the aforesaid Notice to all Collective Class Members, along with the pro rata share of the Settlement Fund, via first class mail to the last known addresses of all Collective Class Members and the Named Plaintiffs. This Court finds that the form and method of disseminating the Notice, as provided in the Settlement, is the best notice practicable under the circumstances and fully meets the requirements of applicable federal and state law.

7. Based on the foregoing, the proposed Notice and Settlement are hereby approved by the Court, with the following caveat: Notwithstanding sections 5.2, 7.2, or any other provisions of the Settlement, the Court retains the power to direct Defendant to re-issue a check if the Court is persuaded the ends of justice so require.

8. Within thirty one (31) days after entry of this Order, Defendant shall mail such Notice and the pro rata share of the Settlement Fund, as provided in the Settlement, to the last known addresses of each Collective Class Member.

9. The Settlement is hereby approved in accordance with Section 216 of the Fair Labor Standards Act and shall be consummated in accordance with the terms and provisions thereof.

10. The service payment to the Collective Class Representatives and other Collective Class Members set forth in the Settlement is hereby approved in accordance with the terms of the Settlement.

11. This Action is hereby dismissed in its entirety, on the merits, with prejudice and without costs to any party, except to the extent otherwise expressly provided in the Settlement. This Court intends this Order of Approval to be "Final" within the meaning of the Federal Rules of Civil Procedure and the Federal Rules of Appellate Procedure.

12. All Collective Class Members and the Named Plaintiffs shall conclusively be deemed for all purposes to be permanently barred from commencing, prosecuting, or otherwise maintaining in any court or forum any action against the Released Parties for any and all Released Claims arising during the Covered Period.

13. Collective Class Counsel's attorneys' fees and costs in the amounts set forth in the Settlement are hereby approved.

14. Without affecting the finality of this Order of Approval, this Court retains exclusive jurisdiction over the consummation, performance, administration, effectuation and enforcement of this Order of Approval. In addition, without affecting the finality of this Order of Approval, this Court retains jurisdiction over Defendants Swope Health Services and Swope Community Enterprises, Named Plaintiffs and each Collective Class Member for the purpose of enabling any of them to apply to the Court for such further orders and directions as may be necessary or appropriate for the construction and implementation of the terms of the Settlement and this Order of Approval. Defendants, the Collective Class Representatives, and each Collective Class Member are hereby deemed to have submitted irrevocably to the exclusive jurisdiction of this Court for any suit, action, proceeding or dispute relating to this Order of Approval or the Settlement, except as otherwise permitted by the settlement.

IT IS SO ORDERED.

/s/ Ortrie D. Smith
ORTRIE D. SMITH, SENIOR JUDGE
DATE: February 3, 2014 UNITED STATES DISTRICT COURT